108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bobby C. EDGE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7062.
 United States Court of Appeals, Federal Circuit.
 Feb. 07, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs submits a renewed motion to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Bobby C. Edge's appeal for lack of jurisdiction.[1] Edge opposes.
 
 
 2
 In 1993, the Board of Veterans Appeals denied Edge's claim for entitlement to service connection for diabetes mellitus and a bilateral leg disorder, finding that neither of these conditions was incurred during service or manifested to a compensable degree within one year following Edge's separation from active duty. The Board also denied Edge a special monthly pension based on the need for regular aid and attendance. The Court of Veterans Appeals affirmed the Board's decision with respect to the denial of service connection, but vacated the Board's decision with respect to the denial of a special monthly pension and remanded that claim for further development and adjudication. Edge appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Edge argues, inter alia, that the Court of Veterans Appeals erred in its determination that his diabetes mellitus was not incurred in service and that the court neglected to consider certain service and medical records.[2] In essence, Edge is challenging the weight given to the evidence, factual findings, and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, Edge's appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 On January 13, 1997, this court denied without prejudice the Secretary's motion to dismiss because the Secretary did not attach copies of relevant documents to his motion
 
 
 [2]
 Apparently, Edge served the Secretary with a copy of his informal brief, but did not file the brief with the court. We rely on the copy of the informal brief that the Secretary has included in his appendix